# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

TAREQ ELKHAYYAT,

    Plaintiff,

v.                                              Case No. 16-2154

CITY OF MEMPHIS (MEMPHIS POLICE
DEPARTMENT TRAINING ACADEMY) and
MAYOR JIM STRICKLAND, in his official capacity,

    Defendants.

## COMPLAINT

    COMES NOW Plaintiff Tareq Elkhayyat ("Mr. Elkhayyat") and brings this action against his former employer Defendant City of Memphis (Memphis Police Department Training Academy) ("MPDTA") and Mayor Jim Strickland, in his official capacity only for injunctive relief, for race and national origin discrimination under the Civil Rights Act of 1866, 42 U.S.C. § 1981, made actionable by 42 U.S.C. § 1983, and for racial and religious discrimination in violation of the Tennessee Human Rights Act. Plaintiff will amend this Complaint to add claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., upon receipt of his notice of right to sue.  Additionally, Plaintiff brings this action against MPDTA and Mayor Strickland, in his official capacity, for interference with his rights to the free practice of his religion and for free association as protected by the First Amendment of the U.S. constitution and his right to equal protection from discrimination based on race and religion as guaranteed by the Fourteenth Amendment of the U.S. constitution and made actionable by 42 U.S.C. § 1983. In support of his Complaint, Mr. Elkhayyat would state as follows:

## PARTIES

1.      Plaintiff Tareq Elkhayyat ("Mr. Elkhayyat") is an Arab-American, born in the United States, is of Palestinian descent and is former cadet in the Memphis Police Department Training Academy.  Mr. Elkhayyat is a practicing Muslim.

2.      Defendant City of Memphis ("MPDTA") is a municipal corporation of the State of Tennessee and runs the Memphis Police Department Training Academy, which is charged with training cadets to become police officers in the Memphis Police Department.

3.      Mayor Jim Strickland is the mayor of the City of Memphis and for all the allegations contained in this complaint was acting within the scope of his employment and under color of state law.  Mayor Strickland is and was the final policymaker and ultimately charged with the supervision of the MPDTA.

## JURISDICTION

4.      The Court has jurisdiction over Plaintiff's claims brought through 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331, 1343(3).  The Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## STATEMENT OF FACTS

5.      Mr. Elkhayyat is the son of a Palestinian immigrant to the United States.  Mr. Elkhayyat is a citizen of the United States and was born in Houston, Texas.  He is a resident of Memphis, Tennessee.

6.      He graduated from Southwest Tennessee Community College with an associate's degree in Criminal Justice in December, 2014.  Mr. Elkhayyat considered joining the U.S. military but ultimately decided that he wanted to become a police officer with the Memphis Police Department.

7. In or around October 2014, Mr. Elkhayyat submitted his application to join the Memphis Police Department Training Academy. During the routine background check process, Mr. Elkhayyat was told that he needed to meet with an individual from the Security Squad and MPD's Homeland Security Division. One of the officers, who did not identify himself but later became known as Ofr. Stuart Frisch, subjected Mr. Elkhayyat to intense questioning regarding terrorist groups and whether he attended a mosque. Ofr. Frisch also questioned him about an incident in which Mr. Elkhayyat had received a warning from a Fayette County Sheriff regarding a noise complaint when Mr. Elkhayyat and a friend were shooting guns on private property despite the fact that no citation was issued.

8. Despite this questioning, Mr. Elkhayyat passed his background check and was admitted to the MPDTA.

9. On or about August 24, 2015, Mr. Elkhayyat began his employment and training with MPDTA. His training progressed well and without incident until Officer Frisch saw him in the hallway at the Academy. Mr. Elkhayyat noticed a look of surprise on Officer Frisch's face.

10. Thereafter, Mr. Elkhayyat was pulled out of training repeatedly and questioned about his religion, terrorist groups, his association with his cousin, his cousin's Facebook posts, and pictures of guns that Officer Frisch had found on the internet related to Mr. Elkhayyat's closed down social media pages. From the questioning, it was clear that Officer Frisch and other unnamed employees of MPDTA were intent on removing Mr. Elkhayyat from his employment based on his race, religion, the national origin of his father, and/or his association with his cousin. Officer Frisch also repeatedly questioned Mr. Elkhayyat about his family and their connection to Palestine, as well as Mr. Elkhayyat's two-week visit to see his family in Palestine several years earlier.

11. Officer Frisch and other officers employed by Defendant then had Mr. Elkhayyat provide a recorded statement with Internal Affairs regarding Officer Frisch's accusations.

12. Shortly thereafter, despite Mr. Elkhayyat passing all of the examinations to date and having no issues in training, he was terminated for pretextual reasons. Specifically, Defendant terminated Mr. Elkhayyat for alleged violations of MPD policies, including its social media policy, which other cadets and officers violated without repercussion. The only difference was Mr. Elkhayyat's race, religion, and association with family members.

13. After his termination, Mr. Elkhayyat filed a charge of discrimination with the United States EEOC against Defendant alleging discrimination on the basis of race and religion. The charge is currently pending and this complaint will be amended to add a Title VII claim.

14. As a result of his termination, Mr. Elkhayyat has suffered significant economic damage in the form of loss of income and future professional opportunities.

15. Defendant's actions through its employees were intentional, willful, and malicious in violation of the state and federal law and the rights of Mr. Elkhayyat.

## CAUSES OF ACTION

16. Plaintiff incorporates the foregoing paragraphs above as though specifically set forth herein, and alleges that:

17. Defendants' actions constitute unlawful racial and national origin discrimination in violation of 42 U.S.C. § 1981 made actionable against Defendants through 42 U.S.C. § 1983;

18. Defendants' actions constitute unlawful racial and religious discrimination in violation of the Fourteenth Amendment to the U.S. constitution made actionable against Defendants through 42 U.S.C. § 1983;

19. Defendants' actions constitute unlawful interference with Plaintiff's right to free exercise of his religion in violation of the First Amendment to the U.S. constitution made actionable against Defendants through 42 U.S.C. § 1983;

20. Defendants' actions constitute unlawful interference with Plaintiff's right to free association in violation of the First Amendment to the U.S. constitution made actionable against Defendants through 42 U.S.C. § 1983;

21. Defendants' actions constitute race, national origin, and religious discrimination in violation of the Tennessee Human Rights Act;

22. As a direct and proximate result of Defendants' unlawful discriminatory conduct toward Plaintiff and violations of Plaintiff's federally protected rights, Plaintiff has suffered lost wages and benefits and has sustained other pecuniary loss. Plaintiff, as a result of Defendants' actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Defendants' actions have been demeaning to Plaintiff and have caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress; and

23. Defendants' unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the rights of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in their favor:

24. Permanent injunction against Defendant Mayor Strickland, in his official capacity, prohibiting any future discriminatory practices in employment;

25. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct;

26. Reinstatement to employment;

27. Front pay and the value of future lost benefits if reinstatement is not feasible;

28. Compensatory damages against Defendant in an amount to be determined by the court;

29. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 1981, § 1983, § 1988, and the Tennessee Human Rights Act; and,

30. Such further relief as is deemed just and proper.

Respectfully submitted,

**DONATI LAW, PLLC**

s/Bryce W. Ashby
Donald A. Donati #8633
William B. Ryan #20269
Bryce W. Ashby #26179
Janelle C. Osowski #31359
1545 Union Avenue
Memphis, TN 38104
901/278-1004
bryce@donatilaw.com

Attorneys for Plaintiff